COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Beales
Argued at Lexington, Virginia


ERIC LAMONT HODNETT
                                                              OPINION BY
v.        Record No. 1824-10-3               JUDGE RANDOLPH A. BEALES
                                                              MAY 10, 2011
STANCO MASONRY, INCORPORATED AND
   AMERISURE MUTUAL INSURANCE COMPANY


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Robert L. Morrison, Jr.; Peter M. Sweeny (Williams, Morrison,
              Light & Moreau, on brief), for appellant.

              S. Vernon Priddy, III (Michael L. Goff Jr.; Two Rivers Law Group,
              P.C., on brief), for appellees.


        Eric Lamont Hodnett (claimant) appeals from an opinion of the Workers' Compensation

Commission (the commission) that affirmed a deputy commissioner's decision regarding the

issuance of a certified copy of an open worker's compensation award.  Claimant argues that the

commission erred in finding that the certification was only issued as an authenticated document

of the commission and not issued for enforcement purposes pursuant to Code § 65.2-710.

Claimant also argues (1) that the commission made a factual error in concluding that the record

lacked evidence of noncompliance with the award by Stanco Masonry (employer), (2) that the

commission erred in not finding that claimant's due process rights were violated, and (3) that the

commission erred in interpreting its rules to allow suspension of the open award pending

resolution of employer's motion to terminate the award.[1]  For the following reasons, we affirm

the commission.

_____
        [1] For purposes of our discussion of this appeal, we have consolidated some of claimant's
assignments of error.

I. BACKGROUND

Claimant was injured in a compensable accident and entered into an agreement with employer for temporary total disability compensation. The commission approved the agreement and entered the award on February 9, 2007. On October 29, 2008, employer filed an application for termination of the award, together with supporting documentation to establish that claimant had returned to work with a different employer on March 14, 2007.

While employer's application was pending, claimant sent a letter to the commission requesting that it "certify the Award" pursuant to Code § 65.2-710, which allows the commission to issue certificates for enforcement of its awards in a circuit court "upon satisfactory evidence of noncompliance with the same." In his letter, claimant noted, "[i]f the file has been referred to a Deputy Commissioner for hearing[,] please direct the Commissioner holding the file to enter the certification as required by the statute."

On April 29, 2009, a deputy commissioner denied claimant's request to "find evidence of noncompliance" under Code § 65.2-710. The deputy noted that claimant's award was suspended under the commission's Rule 1.4, pending a decision on employer's application for termination of the award. The deputy agreed to instruct the clerk of the commission to certify the award, but explicitly stated that "it [was] not certified pursuant to § 65.2-710." The issued certificate stated that the attached copy was "a true copy of the Award Order entered on February 9, 2007, in which no timely appeal was filed with the Commission." Claimant sent the issued certificate to the Danville Circuit Court, asking that it be recorded as a judgment lien.

Claimant responded to the deputy commissioner's letter, claiming that no commission rule allowed the suspension of an open award pending resolution of an employer's application for termination. He also argued that the deputy did not need to find noncompliance by employer in order to order the issuance of a certificate under Code § 65.2-710. The deputy responded,

explaining that Rule 1.4 suspended the award and stating that her previous "letter ruling remains unchanged."

Employer requested that the full commission conduct a review of the issuance of the certificate.[2] Employer asked the full commission to find that the deputy erred in issuing the certificate. Employer argued that the certificate should not have been issued because the deputy did not find satisfactory evidence of noncompliance as required by Code § 65.2-710. Employer also argued that the commission should find that the certificate was inappropriate because it did not indicate that the award was suspended. Claimant did not request any review by the full commission. However, claimant did file a brief that discussed the commission's rules and due process. In this brief, he asked the commission to affirm "the certification of the Award by the Clerk of the Commission."

On review, the only issue that the commission considered was "whether the Commission may certify an award otherwise than pursuant to Section 65.2-710." The commission held that it had "authority to certify [an award], for authentication only, in the absence of evidence of noncompliance." The commission affirmed the certification of the award for authentication purposes only.[3]

In its opinion, the commission noted that "claimant did not appeal" the deputy commissioner's refusal to find evidence of noncompliance "and, accordingly, that issue is not

---

[2] After employer asked for review by the full commission, the deputy commissioner continued the previously scheduled hearing on employer's application to terminate claimant's benefits. The record before us is silent regarding any resolution of employer's application, and no decision of the commission regarding employer's application (or the suspension of benefits pending resolution of that application) is currently before this Court. The only decision reviewed and appealed in this case concerns the issuance of a certificate that authenticated a copy of the February 9, 2007 award.

[3] One commissioner concurred, agreeing that the commission had authority to certify an award for authentication, but then finding that claimant's due process rights were violated and concluding that the certificate "was issued pursuant to Code § 65.2-710."

- 3 -

before us." Moreover, the commission explicitly concluded that it did not need to address claimant's due process arguments to resolve the issue before it. The commission also did not address employer's argument that the certificate should have indicated that the February 9, 2007 award was suspended pending resolution of employer's application for termination of the award. Claimant did not file a motion asking the commission to reconsider its decision.

Claimant appealed the commission's decision to this Court. Although he asks this Court to consider several assignments of error, we find that only one is properly presented to us.

## II. ANALYSIS

### A. The Certificate

Claimant argues that the certificate was actually issued pursuant to Code § 65.2-710 for purposes of enforcement. He contends that he asked for a certificate for enforcement pursuant to Code § 65.2-710, and, thus, according to claimant, the certificate must have been issued pursuant to that code section. However, the interpretation of a commission document is not left to the desires of a claimant. The commission determines the nature of its orders and rulings. Therefore, we find the commission did not err in finding that the certificate was *not* issued pursuant to Code § 65.2-710.

The deputy commissioner clearly ruled that the certification was not issued pursuant to Code § 65.2-710.[4] The full commission affirmed this ruling. The commission found that its own document, i.e., the certificate, was not issued pursuant to any enforcement provisions in the Code, but rather the certificate was issued as a true and accurate copy of an order of the commission. This finding by the commission is a determination of a fact (i.e., that the document was only an authentication of the order). This finding is also an interpretation by the

---

[4] Code § 65.2-710 states: "Orders or awards of the Commission may be recorded, enforced, and satisfied as orders or decrees of a circuit court upon certification of such order or award by the Commission. The Commission shall certify such order or award upon satisfactory evidence of noncompliance with the same."

- 4 -

commission of its own order. Thus, this Court must give due deference to these findings of the commission. See Vanzant v. Southern Bending Co., 143 Va. 244, 246, 129 S.E. 268, 268 (1925) (the commission's factual findings are "conclusive and binding" on appeal); Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 130, 510 S.E.2d 255, 260 (1999) (en banc) ("[W]e hold that the commission is entitled to interpret its own orders in determining the import of its decisions."). We conclude that the commission did not err in finding that the certificate was issued pursuant to its general statutory authority, rather than pursuant to Code § 65.2-710.

The commission clearly had authority to issue a certificate without relying on Code § 65.2-710. In general, every agency of the Commonwealth has authority to authenticate its records. See Code § 8.01-391 (allowing certification of business records). Under Code § 8.01-391(B), any "commission" in Virginia that is acting pursuant to its legal authority may create copies of its records that will be admissible in court if the copy is certified by the commission. The Workers' Compensation Commission, likewise, has this authority.

In addition, under Code § 8.01-390(A), "[c]opies of records" from "any political subdivision or agency" of the Commonwealth "shall be received as prima facie evidence" if they are "authenticated to be true copies" by the custodian or the custodian's supervisor. Under this statute, agencies of the Commonwealth are allowed to produce certified copies of their records that can be used as evidence in a court proceeding. As the Workers' Compensation Commission is an agency of the Commonwealth, this statute also provided authority for the commission to issue a certificate for authentication purposes only – rather than for enforcement purposes under Code § 65.2-710.

In this case, the commission was acting pursuant to its legal authority when it entered the February 9, 2007 award for benefits to claimant, as the agency responsible for workers' compensation awards. See Code § 65.2-201 (general duties of the commission). Therefore, the commission did not need to rely on Code § 65.2-710 and was not required to issue a certificate

for enforcement. Instead, the commission could issue a certificate authenticating the award, pursuant to the other provisions in the Code. We conclude, therefore, that the commission had authority here to issue the certificate of authentication. It is not limited to issuing a certificate of enforcement pursuant to the requirements of Code § 65.2-710.[5]

Claimant essentially contends that the commission did not need evidence beyond his assertion of noncompliance to issue a certificate under Code § 65.2-710, so the analysis used by the commission to reach its finding was flawed. He contends that the commission ruled previously in Black v. A.F.B. Contractors, Inc., 63 O.I.C. 14 (1984), that evidence of noncompliance was unnecessary under an earlier version of Code § 65.2-710.[6] As Black involved the interpretation of Code § 65.2-710, we review the commission's interpretation of that statute *de novo*. Town of Waverly Law Enforcement v. Owens, 51 Va. App. 277, 280, 657 S.E.2d 161, 162 (2008).

We disagree with claimant's interpretation of Black and of Code § 65.2-710. In Black, the commission issued a certificate using substantially the same wording as the certificate here, and, as here, the employer contended that the certificate should not have been issued. The commission found that the clerk did not err as she "was carrying out her ministerial duties in furnishing certified copies, as the awards are considered a matter of public record, and the certification only pertained to the fact that the awards were true copies of those contained in the Industrial Commission's record." 63 O.I.C. at 15. The commission then reversed the portion of the deputy's opinion that "require[d] the Clerk to have evidence of noncompliance with an award had she known it was going to be used for enforcement purposes." Id. at 16.

---

[5] The certificate had no designation on it of whether it was being issued pursuant to Code § 65.2-710 or pursuant to Code §§ 8.01-390 and 8.01-391.

[6] Opinions of the commission are certainly not binding on this Court in any way, but in some cases they can potentially be persuasive. See Pruden v. Plasser Am. Corp., 45 Va. App. 566, 580, 612 S.E.2d 738, 745 (2005).

- 6 -

The commission in <u>Black</u> essentially made the same ruling as the commission did in this case. The commission's opinion in <u>Black</u> did not rule that a certificate *issued pursuant to Code § 65.2-710* did not require a finding of evidence of noncompliance, but instead ruled that the issuance of a certificate as a "ministerial duty" did not require such a finding.[7]

Code § 65.2-710 states: "Orders or awards of the Commission may be recorded, enforced, and satisfied as orders or decrees of a circuit court upon certification of such order or award by the Commission. The Commission shall certify such order or award upon satisfactory evidence of noncompliance with the same." The plain meaning of the second sentence – the sentence stating, "The Commission shall certify such order or award *upon satisfactory evidence of noncompliance* with the same" – is that the commission can certify an award for enforcement purposes when "satisfactory evidence of noncompliance" with that award is presented to the commission. <u>See</u> <u>Gray v. Rhoads</u>, 268 Va. 81, 86, 597 S.E.2d 93, 96 (2004) (holding that, where a statute's terms are "clear and unambiguous," an appellate court "looks no further than the plain meaning of the statute's words" when construing that statute).

In contrast, claimant interprets <u>Black</u> as holding that the commission must issue a certificate pursuant to the provisions of Code § 65.2-710 with simply the claimant's assertion of noncompliance. Such an interpretation essentially eliminates the commission's power to analyze whether such evidence is "satisfactory" pursuant to the explicit wording of Code § 65.2-710. Thus, we cannot agree with claimant's interpretation of the commission's holding in <u>Black</u> or with claimant's reading of the statute. <u>See</u> <u>Travelers Prop. Cas. Co. of Am. v. Ely</u>, 276 Va. 339, 345, 666 S.E.2d 523, 527 (2008) (rendering a phrase "mere surplusage . . . is contrary to the settled rule . . . that every provision in or part of a statute shall be given effect if possible").

---

[7] In its opinion here, the commission itself interpreted its decision in <u>Black</u> as holding that the commission has "authority to issue certified copies of awards for various administrative purposes."

Although some of the language in Black is broad, the commission in Black essentially ruled that a clerk has authority to issue a certificate like the one issued here for authentication purposes – pursuant to the commission's general authority – even if the clerk knows that the certificate may be presented to a court as part of pending litigation.

## B. The Remaining Issues

Claimant raised several additional assignments of error. We find that none of these issues are preserved for appeal.

### 1. Evidence of Noncompliance

Claimant argues that the commission erred in finding that there was no evidence of noncompliance. However, the deputy commissioner initially denied claimant's request that she find evidence of employer's noncompliance with the 2007 award. Claimant did not ask the full commission to review this decision, and so the commission did not review this decision, specifically noting "that issue is not before us" because claimant had not asked for review. See Comm'n Rule 3.1. As a result, on appeal to this Court, we have no commission ruling to review on the issue of noncompliance. See Steadman v. Liberty Fabrics, Inc., 41 Va. App. 796, 801 n.3, 589 S.E.2d 465, 467 n.3 (2003); Classic Floors, Inc. v. Guy, 9 Va. App. 90, 94, 383 S.E.2d 761, 763 (1989). We also note that claimant did not ask for reconsideration after the commission issued its opinion. Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003) (explaining that, if the commission fails to address an issue, then a party should file a motion to reconsider the issue in order to preserve the argument for appeal). As a result, we cannot consider claimant's argument that he presented satisfactory evidence of noncompliance so that the commission should have issued a certificate for enforcement pursuant to Code § 65.2-710.

### 2. The Commission's Rules and Due Process

Claimant also argues that the commission has misinterpreted its rules to allow suspension of an award pending an employer's application for termination of benefits. In addition, he argues that such suspension violates his due process rights. These arguments are not properly before this Court.

First, this case involves an appeal of the commission's decision to issue a certificate of authentication. The certificate itself does not suspend claimant's award, and claimant is not arguing that the process for issuance of the certificate violated his due process rights. Thus, any discussion of the issues of the commission's rules and due process in this opinion would be dicta as the underlying award and the enforcement of that award are not before this Court. See Newman v. Newman, 42 Va. App. 557, 565-66, 593 S.E.2d 533, 537-38 (2004) (en banc) (explaining that an appellate court should not consider arguments that are not essential to the case before it).

In addition, the commission explicitly declined to rule on these issues. Thus, the commission in this case did not err in interpreting its rules, and it did not violate claimant's due process rights in relation to his award of benefits, as claimant contends in his assignments of error. The commission here *did not* interpret its rules because the issue before it concerned only the issuance of a certificate. The commission *did not* rule on the status of claimant's benefits because the case before it did not involve a decision on the merits of employer's application to terminate claimant's benefits. Because we have no commission ruling on these issues before us, we cannot consider them in this appeal. "We cannot consider alleged error on a ruling the commission never made." Montalbano v. Richmond Ford, LLC, 57 Va. App. 235, 249 n.7, 701 S.E.2d 72, 79 n.7 (2010).

- 9 -

### III. CONCLUSION

We hold that the commission did not err in this case. The certificate of authentication was issued pursuant to the general authority of the commission – under Code §§ 8.01-390 and 8.01-391 and not pursuant to Code § 65.2-710. Thus, we affirm the ruling of the commission.

<u>Affirmed.</u>