COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Huff
Argued at Salem, Virginia

COCHRAN INDUSTRIES VA AND
  BITUMINOUS CASUALTY CORPORATION

OPINION BY
v.      Record No. 1377-13-3              JUDGE GLEN A. HUFF
APRIL 1, 2014

TIMOTHY M. MEADOWS

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Ramesh Murthy (Penn, Stuart & Eskridge, on brief), for appellants.

Paul L. Phipps (Mingkwan Emme Collins; Lee and Phipps, P.C.,
on brief), for appellee.

Amicus Curiae: Virginia Trial Lawyers Association (W. David
Falcon; ChasenBoscolo, on brief), for appellee.

Cochran Industries VA and Bituminous Casualty Corporation (collectively "appellant")

appeal a decision of the Virginia Workers' Compensation Commission ("commission") ruling

that Timothy M. Meadows ("claimant") timely filed a claim for compensation. On appeal,

appellant contends that the commission erred in: 1) accepting a filing seeking no relief as a

viable, timely claim under Code § 65.2-601; and 2) utilizing the doctrine of imposition, created

by its actions in contravention with the Act, to the detriment of appellant. For the following

reasons, this Court affirms the commission's decision.

I. BACKGROUND

On appeal from the commission, "we review the evidence in the light most favorable to

the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d

788, 788 (1990). If supported by credible evidence, the commission's factual findings are

"binding on appeal," Tomes v. James City Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315 (2002), "even though there is evidence in the record to support a contrary finding," Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986). In addition, the commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983). So viewed, the evidence is as follows.

On July 9, 2010, claimant was working as a manager for appellant when a concrete cinder block fell on and crushed his right hand. Claimant filed a Claim for Benefits form[1] with the commission on August 23, 2010 with the assistance of Charlotte Cochran ("Cochran"), an employee who handles appellant's insurance matters. Claimant, however, only completed Part A of the Claim for Benefits form. Part B of the form, which is titled "PART B – REQUEST FOR BENEFITS (OPTIONAL)," was left blank because claimant did not know what benefits would be needed. After the form was filed, the commission issued claimant a jurisdiction claim number – VA00000301614 – and an "Acknowledged Protective Filing" statement dated August 26, 2010. Claimant later called the commission multiple times and asked if any other paperwork was needed for his claim. He was told that he had completed everything he needed to do.

Claimant was compensated for all of his medical treatment for the first two years after the injury. In fact, the parties stipulated that claimant's injury was compensable and that all received medical treatment for claimant's hand was "reasonable, necessary and causally related to the injur[y] . . . ." Then, on May 21, 2012, Dr. Morgan Lorio ("Lorio"), one of claimant's treating physicians, submitted a "Surgery Planning" form to appellant recommending surgical

---

[1] The Claim for Benefits form was created and is sanctioned by the commission for use when filing claims. In fact, the top of the form prominently displays the commission's address and website. The form also identifies itself as "VWC Form #5" in the lower-right hand corner, but neither the Act nor the commission's rules require that a claim be filed on this or any other particular form. See Code §§ 65.2-600, 65.2-601.

intervention for claimant's "right index and middle intrinsic release." Three months later, in August 2012, claimant was informed that the proposed surgery had been denied due to the expiration of the statute of limitations on his claim. Specifically, appellant declined to pay for the proposed surgery on the ground that claimant's initial Claim for Benefits form did not constitute a "claim," under Code § 65.2-601,[2] because the form did not indicate what benefits claimant was seeking and, therefore, no claim was filed before the expiration of the two-year statute of limitations.

Consequently, on September 5, 2012, claimant filed an additional Claim for Benefits form in which both Parts A and B were completed. On Part B of the form, claimant requested a "lifetime Award of medical benefits for injury; unpaid medical bills or out of pocket medical / prescription / transportation expenses relating to injury." Claimant also stated that he is "still under a doctor's care for this injury and need[s] surgical intervention to repair [his] right hand." The commission sent claimant a letter, dated September 19, 2012, that informed claimant that appellant had denied his claim submitted by the additional Claim for Benefits form on the ground that the statute of limitations had expired.

The deputy commissioner held an evidentiary hearing on February 19, 2013 and found that claimant's original Claim for Benefits form, Part A, constituted a claim for the purposes of Code § 65.2-601.[3] Consequently, the deputy commissioner entered an award ordering appellant

---

[2] Code § 65.2-601 provides that "[t]he right to compensation under [the Act] shall be forever barred[] unless a claim be filed with the [c]ommission within two years after the accident."

[3] The deputy commissioner alternatively held that even if the form did not constitute a claim, "the doctrine of imposition [would apply] in the present case and thereby . . . avoid the bar of the statute of limitations." See Butler v. City of Virginia Beach, 22 Va. App. 601, 605, 471 S.E.2d 830, 832 (1996) (noting that the doctrine of imposition allows the commission to do full and complete justice in cases when an employer or the commission uses superior knowledge or experience with the Act to unjustly deprive a claimant of warranted benefits). In the present case, the deputy commissioner held that the doctrine of imposition would apply for two reasons:

to pay medical benefits as provided in Code § 65.2-603 for as long as necessary to treat the injury to claimant's right hand. Appellant appealed this award to the full commission, which affirmed the deputy commissioner's decision. This appeal followed.

## II. ANALYSIS

Appellant first contends that the commission erred in ruling that claimant's original Claim for Benefits form constituted a claim. Specifically, appellant argues the form cannot constitute a claim because it failed to state what benefits claimant sought and, therefore, no claim was filed before the expiration of the two-year statute of limitation contained in Code § 65.2-601.

"Whether the information filed with the commission is sufficient to constitute a timely filed claim [for the purposes of Code § 65.2-601] . . . *is a question of fact*." Corp. Res. Mgmt., Inc. v. Southers, 51 Va. App. 118, 126, 655 S.E.2d 34, 38 (2008) (emphasis added) (citing Fairfax Cnty. Sch. Bd. v. Humphrey, 41 Va. App. 147, 158, 583 S.E.2d 65, 70 (2003)). Consequently, in the present case, "the commission's finding [that claimant's original Claim for Benefits form constituted a claim] will not be disturbed on appeal if supported by credible evidence." Id.

When considering appellant's argument on appeal, this Court is "guided by the principle that the Workers' Compensation Act 'is highly remedial.'" Id. (quoting Henderson v. Cent. Tel. Co., 233 Va. 377, 382, 355 S.E.2d 596, 599 (1987)). While "statutory construction may not be used to extend the rights created by the Act beyond the limitations and purposes set out therein," Garcia v. Mantech Int'l Corp., 2 Va. App. 749, 754, 347 S.E.2d 548, 551 (1986), the Act should nevertheless "be liberally construed to advance its purpose . . . [of compensating employees] for

1) claimant followed all directions that were promulgated by the commission when submitting the original Claim for Benefits form, and 2) after submitting the form, claimant called the commission multiple times and was assured that he had done everything necessary to protect his rights under the Act.

- 4 -

accidental injuries resulting from the hazards of the employment," Henderson, 233 Va. at 382, 355 S.E.2d at 599.

"'The right to compensation under the [Act] is granted by statute, and in giving the right the legislature has full power to prescribe the time and manner of its exercise.'" Binswanger Glass Co. v. Wallace, 214 Va. 70, 73, 197 S.E.2d 191, 193 (1973) (quoting Winston v. City of Richmond, 196 Va. 403, 407, 83 S.E.2d 728, 731 (1954)). Through Code § 65.2-601, the legislature has provided that "[t]he right to compensation under [the Act] shall be forever barred[] unless a *claim* be filed with the [c]ommission within two years after the accident." (Emphasis added). This statute of limitation provision is jurisdictional, Barksdale v. H.O. Engen, Inc., 218 Va. 496, 497, 237 S.E.2d 794, 795 (1977), and is "designed to suppress fraudulent and stale claims from being asserted after a great lapse of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of a defective memory, or the witnesses have died or disappeared." Street v. Consumers Mining Corp., 185 Va. 561, 575, 39 S.E.2d 271, 277 (1946).

Despite requiring the timely filing of a "claim," the Act "does not give a definition of 'claim.'" Garcia, 2 Va. App. at 752, 347 S.E.2d at 550. This Court, however, "give[s] great weight to the commission's construction of the Act . . . ," Bay Concrete Constr. Co. v. Davis, 43 Va. App. 528, 538-39, 600 S.E.2d 144, 150 (2004), and the commission, through its rule making authority,[4] has established the criteria for "a claim . . . filed with the commission" in Commission Rule 1:1. Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 483, 495 S.E.2d 519, 521 (1998) (noting that this Court "accord[s] great deference to the interpretation given by the commission to its rules").

---

[4] Code § 65.2-201(A) provides, in pertinent part, "The Commission shall make rules and regulations for carrying out the provisions of [the Act]."

- 5 -

Commission Rule 1.1 provides that

> An original Claim for Benefits *shall* be in writing, signed and
> *should* set forth:
>
> 1. Employee's name and address;
> 2. Employer's name and address;
> 3. Date of accident or date of communication of occupational
>    disease;
> 4. Nature of injury or occupational disease;
> 5. Benefits sought: temporary total, temporary partial, permanent
>    total, permanent partial or medical benefits;
> 6. Periods of disability, if appropriate.

(Emphasis added). "The word 'shall[]' is primarily mandatory," whereas "the word 'should'

ordinarily . . . implies no more than expediency . . . [and is] directory only." Brushy Ridge Coal

Co. v. Blevins, 6 Va. App. 73, 78, 367 S.E.2d 204, 206 (1988). "Thus, Commission Rule 1:1,

standing alone, does not automatically exclude from consideration a claim which omits one or

more of the items of information which the rule says a claim 'should set forth.'" Massey

Builders Supply Corp. v. Colgan, 36 Va. App. 496, 504, 533 S.E.2d 146, 150 (2001) (quoting

Commission Rule 1:1).

In Trammel Crow Co. v. Redmond, 12 Va. App. 610, 614, 405 S.E.2d 632, 634 (1991),

this Court affirmed a decision of the commission to accept, as a claim, a letter sent by a

claimant's lawyer to the commission, even though the letter did not contain all of the "should set

forth" elements of Commission Rule 1:1. In so holding, this Court noted that "the [commission]

is not bound by technical rules of pleading or practice." Id. Indeed, a letter is sufficient to

constitute a claim if it "identifies the employer, the date of the accident, the location of the

accident, and the injuries suffered" and "'fairly apprises the commission that a claim [is] being

made'" on behalf of the employee. Cheski v. Arlington Cnty. Pub. Schs., 16 Va. App. 936, 938,

434 S.E.2d 353, 355 (1993) (quoting Redmond, 12 Va. App. at 614, 405 S.E.2d at 634); see also

Colgan, 36 Va. App. at 505, 553 S.E.2d at 150-51 (affirming the commission's decision to

accept, as a claim, a signed, handwritten note and a mostly complete copy of the First Report of Injury even though the documents did not contain all of the "should set forth" elements of Commission Rule 1:1).

Applying the above principles to the present case, this Court agrees with the commission that claimant's completion and filing of Part A of the Claim for Benefits form constituted a claim for the purposes of Code § 65.2-601. Although claimant did not complete Part B of the form identifying any benefits sought, the information in Part A identified the employer, the date of the accident, the location of the accident, and the injuries suffered. It also fairly apprised the commission that a claim was being made on behalf of claimant. Accordingly, claimant's original Claim for Benefits form "contained sufficient information to constitute a claim" for the purposes of Code § 65.2-601. Colgan, 36 Va. App. at 506, 553 S.E.2d at 151.[5]

Nevertheless, appellant argues that affirming the commission will "emasculate the relevant statute of limitation period" established by the General Assembly. Appellant compares the filing of a Workers' Compensation claim with the commission to filing a complaint in a personal injury action, arguing that claimant's failure to state any benefits sought in the claim should result in a ruling that claimant has failed to state a "claim." This argument, however, does not take into account that "the [commission] is not bound by technical rules of pleading or practice." Colgan, 36 Va. App. at 504, 553 S.E.2d at 150 (citing Redmond, 12 Va. App. at 614,

___

[5] Additionally, when an employee's injury is compensable, as appellant concedes is the case here, then Code § 65.2-603 provides that for "as long as necessary after the accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention." Consequently, in the present case, claimant did not need, as a practical matter, to seek any specific relief in the claim he filed because appellant conceded that all medical treatment for claimant's hand was "reasonable, necessary and causally related to the injur[y] . . . ." Accordingly, all of claimant's medical benefits were a necessary consequence of the compensable injury by statutory mandate, and appellant could not have suffered any of the prejudice it claims would arise from claimant failing to provide a statement of benefits sought in Part B of the Claim for Benefits form.

405 S.E.2d at 634). Further, appellant's argument fails to give the appropriate deference to the commission's interpretation of the word "claim," as it is used in the Act, through Commission Rule 1:1. Accordingly, appellant's argument fails.[6]

### III. CONCLUSION

For the foregoing reasons, this Court holds that the record contains sufficient evidence to support the commission's ruling that claimant's original Claim for Benefits form constituted a claim for the purposes of Code § 65.2-601. Thus, this Court affirms the ruling of the commission.

Affirmed.

---

[6] Appellant's second assignment of error alleges that the commission erred in "its utilization of the doctrine of imposition, created by its actions in contravention with the Act, to the detriment of appellant." The full commission, however, affirmed the deputy commissioner without addressing whether the doctrine of imposition would bar application of the statute of limitations. Consequently, this Court cannot consider appellant's second assignment of error on appeal. Montalbano v. Richmond Ford, LLC, 57 Va. App. 235, 249 n.7, 701 S.E.2d 72, 79 n.7 (2010) ("We cannot consider alleged error on a ruling the commission never made."); see also Hodnett v. Stanco Masonry, Inc., 58 Va. App. 244, 254, 708 S.E.2d 429, 435 (2011) (holding that because the commission did not rule on appellant's due process argument, this Court could not consider the issue on appeal).