COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Malveaux and Senior Judge Annunziata
Argued at Fredericksburg, Virginia

NICHOLAS MALDONADO

MEMORANDUM OPINION* BY
v.      Record No. 0027-17-4      JUDGE ROSEMARIE ANNUNZIATA
AUGUST 15, 2017

FEDERAL EXPRESS CORPORATION

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Kathleen Grace Walsh for appellant.

(Alex M. Mayfield; Franklin and Prokopik, P.C., on brief), for
appellee. Appellee submitting on brief.

Nicholas Maldonado (claimant) appeals the ruling of the Workers' Compensation

Commission denying claimant's request for permanent partial disability benefits arising from a

workplace accident on January 8, 2009. The Commission ruled that the disability claim, which

claimant submitted to the Commission on August 27, 2015, had not been preserved by the

benefits claim forms that claimant had submitted in 2009, which had resulted in an award for

medical benefits only, and thus the claim filed in 2015 was untimely. For reasons stated below,

we affirm the Commission's decision.

While employed at Federal Express (employer), claimant suffered a compensable injury

to his right wrist and shoulder and submitted a benefits claim form on January 29, 2009. He

completed only Part A of the form, which preserved his rights under the Workers' Compensation

Act, but he did not request any specific benefits in Part B. On March 31, 2009, claimant

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

submitted another benefits claim form, stating in Part B of the form that he had unpaid medical bills related to his injury, treatment was ongoing, and future surgery was required. The Commission issued a "medical award only" on June 19, 2009. The award stated that "any claim for wage loss benefits must be filed within two years from the date of injury."

Claimant wrote the Commission on January 26, 2010 that he expected to have surgery later that year and would be out of work for two or three months. However, claimant chose not to have surgery in 2010 and continued to work at Federal Express.

On January 7, 2011, claimant submitted another benefits claim form to the Commission. He said he had missed work because of his injury but had not lost wages and was submitting the claim form "for records purpose only." Claimant also noted that he was receiving physical therapy for his shoulder and expected to have future surgery. The Commission advised claimant that no action would be taken until a request was made for specific benefits.

Claimant wrote the Commission twice in 2012 and three times in 2015 regarding additional treatment for his shoulder. On August 27, 2015, claimant submitted a benefits claim form, noting he had injured his right arm in 2009 and had "a loss of use . . . of a body part . . . ." Claimant's doctor rated the permanent impairment of claimant's right arm at twenty-four percent. Claimant had shoulder replacement surgery in October 2015.

A hearing was held before a deputy commissioner, who determined the claim for permanent partial disability benefits was not timely filed.[1] Claimant requested review. The Commission issued its opinion on December 6, 2016, affirming the decision of the deputy commissioner. The Commission held that, pursuant to Code § 65.2-708(B), claimant had three

---

[1] In addition to arguing the claim was not timely filed, employer also contended the permanent partial disability was not related to the 2009 accident and that claimant had a pre-existing condition. Neither the deputy commissioner nor the full Commission ruled on these points, and they are not pertinent to resolution of this appeal.

years from the date of the accident to file a claim for disability benefits and that the documents he had submitted to the Commission were not sufficient to constitute a claim because they "did not inform [employer] he was seeking permanent partial disability." This appeal followed.

Claimant contends the Commission erred as a matter of law in holding his request for permanent partial disability benefits was timed-barred. He argues that the forms he submitted on January 29, 2009 and March 31, 2009 preserved his claim. He further argues the benefits claim form did not inform him that failing to complete Part B when submitting the initial claim would preclude him from seeking disability benefits later. He contends he should not be penalized for relying on the language in the form.

The Workers' Compensation Act "is highly remedial" and should be "liberally construed to advance its purpose of compensating employees for accidental injuries resulting from the hazards of the employment." Masonite Holdings, Inc. v. Cubbage, 53 Va. App. 13, 19-20, 668 S.E.2d 809, 812 (2008) (quoting Corporate Res. Mgmt. v. Southers, 51 Va. App. 118, 126, 655 S.E.2d 34, 38 (2008) (*en banc*)). Even so, this Court construes the evidence in the record, and all reasonable inferences, in the light most favorable to the party that prevailed below, which in this case is the employer. See Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 474, 624 S.E.2d 681, 682 (2006).

Whether a claim is barred by the statute of limitations is a legal question we review *de novo*, and "this Court is not bound by the legal determinations made by the commission." Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284, 623 S.E.2d 433, 437 (2005). However, claimant "bears the burden of proving his claim was timely filed." Massey Builders Supply Corp. v. Colgan, 36 Va. App. 496, 502, 553 S.E.2d 146, 149 (2001). "Whether the information filed with the commission is sufficient to constitute a timely filed claim for a particular injury is

a question of fact, and the commission's finding will not be disturbed on appeal if supported by credible evidence." Southers, 51 Va. App. at 127, 655 S.E.2d at 38.

Code § 65.2-601 provides that an employee's right to compensation from his employer for an injury arising from an accident at his employment is "forever barred" unless the claim is filed with the Workers' Compensation Commission within two years of the date of the accident. See, e.g., Philip Morris USA, Inc. v. Mease, 62 Va. App. 190, 198, 745 S.E.2d 155, 159 (2013); Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994).

Code § 65.2-708(A) provides that where a change in condition is asserted, as in the instant case, the Commission "may review any award of compensation and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title . . . ." Code § 65.2-708(A) and (B) set forth time frames for making such review, dependent, in part, on whether an award of compensation has been made. Code § 65.2-708(C) provides for additional tolling in certain circumstances, which are not applicable to claimant and were not raised before the Commission.

The Commission applied Code § 65.2-708(B), holding claimant had thirty-six months from the date of the accident to file a disability claim. See Code § 65.2-708(B) ("In those cases where no compensation has been paid, the Commission may make an award under § 65.2-503[2] within 36 months from the date of the accident."). Since the accident occurred on January 8, 2009, claimant had until January 8, 2012 to file his claim. He completed only Part A of the benefits form, which preserved his rights under the Workers' Compensation Act, but he did not request any specific benefits in Part B, such as disability benefits he sought later. The Commission issued a "medical award only" on June 19, 2009. On March 31, 2009, claimant

---

[2] Code § 65.2-503 allows compensation for permanent total and permanent partial loss of body parts, such as arms.

- 4 -

submitted another benefits claim form, stating in Part B of the form that he had unpaid medical bills related to his injury, treatment was ongoing, and future surgery was required. However, he did not request disability benefits. In January 2011, claimant informed the Commission that he had missed work due to his injury, but he further said he had not lost wages and that he was submitting the information "for record purposes only." He indicated surgery would be performed in the future, and he was advised that his employer's insurance carrier would agree to medical treatment causally related to his injury. Although claimant provided information about the accident and his injury, he did not request compensation for loss of use of his right arm due to his shoulder injury. Accordingly, the evidence supported the Commission's ruling that claimant's original claim did not preserve his claim in 2015 for permanent partial disability benefits. See Gomez v. Garcia Constr. Co., Inc., No. 1624-15-2, 2016 Va. App. LEXIS 98 (Va. Ct. App. Mar. 29, 2016) (holding that where employee was injured in 2007 and received medical benefits, employee's 2014 claim for permanent disability benefits was untimely, as letter employee wrote to Commission in 2010 was treated as claim for additional medical benefits and neither that letter nor letter written in 2011 mentioned permanent disability benefits).

Claimant relies on this Court's holding in Cochran Indus. VA v. Meadows, 63 Va. App. 218, 225-26, 755 S.E.2d 489, 493 (2014), that completion of Part A of the benefits claim form was sufficient to constitute a claim for purposes of Code § 65.2-601. In Cochran, the employee injured his hand in July 2010 and filed a benefits claim form in August 2010. See Cochran, 63 Va. App. at 221, 755 S.E.2d at 490. He completed only Part A of the form he filed and received medical benefits for the first two years after his injury. See id. His subsequent May 2012 claim, based on the need for hand surgery that his doctor recommended, was denied in August 2012 on the basis that he had not indicated the benefits he sought on his initial claim form. See id. at 221-22, 755 S.E.2d at 490-91. The employee filed another claim form in September 2012, which

the employer asserted was barred by the statute of limitations because it had not been filed within two years of the accident. See id. at 222, 755 S.E.2d at 491. However, the Commission held the claim was timely filed and this Court affirmed the ruling on the ground that Cochran was seeking additional medical benefits, which had been preserved by his original claim. See id. at 227, 755 S.E.2d at 493. It follows that Cochran does not control in the instant case where claimant's request for permanent partial disability benefits was not a request for continuation of the medical benefits he had received in 2009, but a new claim for which he sought new benefits based on a change in his condition and for which no compensation had previously been awarded. See Code § 65.2-708(B) ("In those cases where no compensation has been paid, the Commission may make an award under § 65.2-503[3] within 36 months from the date of the accident.").

Additionally, the claim forms claimant submitted in 2009 and 2011 stated he had injured his right wrist and right shoulder. The 2015 claim form stated the injured body part was his right arm. See Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 219 S.E.2d 849 (1975) (holding that employee's timely initial claim for injuries to his left ankle and right hip did not preserve his later claim for injuries to his back and right ankle and, thus, his later claim was time-barred).

Finally, claimant's argument that he should not be penalized for relying on the language in the claim benefits form implicitly posits that the Commission reached an unjust result in his case. However, if the Commission had thought claimant was unjustly denied benefits, it could have invoked its discretionary power of imposition. See Cochran, 63 Va. App. at 222 n.3, 755 S.E.2d at 491 n.3 (relating that deputy commissioner alternatively held that even if the form was not a claim, the imposition doctrine would apply to overcome the statute of limitations). The doctrine of imposition allows the Commission to render decisions based on justice where a

---

[3] Code § 65.2-503 allows compensation for permanent total and permanent partial loss of body parts, such as arms.

claimant lacking superior knowledge or experience with workers' compensation law has been deprived of benefits to which he would be otherwise entitled. See Butler v. City of Va. Beach, 22 Va. App. 601, 605, 471 S.E.2d 830, 832 (1996). The Commission did not consider imposition in claimant's case, and this Court may not consider it *sua sponte*. See Hodnett v. Stanco Masonry, Inc., 58 Va. App. 244, 254, 708 S.E.2d 429, 435 (2011) (holding that Court could not consider appellant's due process argument because Commission did not rule on it).

The Commission's ruling that the claim was not timely filed is consistent with the applicable statutes and case law. Accordingly, we affirm the Commission's ruling.

Affirmed.