COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, O'Brien and Malveaux
Argued by videoconference


JUAN VIERA LAZO

MEMORANDUM OPINION[*] BY
v.      Record No. 0586-20-3          JUDGE RANDOLPH A. BEALES
DECEMBER 15, 2020

WHOLESOME ENERGY, LLC AND
  ACCIDENT FUND GENERAL INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Bradford M. Young (HammondTownsend, PLC, on briefs), for
appellant.

Roberta Ann Paluck (Christopher M. Kite; Lucas & Kite, PLC, on
brief), for appellees.


Appellant Juan Viera Lazo,[1] an employee for appellee Wholesome Energy, LLC

("Wholesome Energy"), appeals the decision of the Virginia Workers' Compensation

Commission ("the Commission") denying him additional workers' compensation benefits for

injuries sustained in a work-related accident on April 10, 2015.  The Commission found that

Viera Lazo did not preserve his right shoulder claims in an award agreement he signed with

Wholesome Energy and that he did not timely reassert those claims until too late under the

statute of limitations, Code § 65.2-601.  As a result, the Commission unanimously concluded that

Viera Lazo's right shoulder claims were barred by the statute of limitations.  On appeal, Viera

Lazo argues that the "Commission erred in finding that the effect of the November 2, 2016,

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's name is also spelled "Juan Vieralazo" in documents submitted to both this
Court and the Workers' Compensation Commission.  For consistency purposes, this Court will
refer to appellant as "Juan Viera Lazo" because that is the spelling used by his counsel.

award order, in view of Mr. Viera Lazo's actions or lack of action in advance of its entry" and "in view of the proceedings in advance of its entry," resulted in "the abandonment or dismissal without prejudice of all pending claims the order did not address," including his claim for his right shoulder. In addition, Viera Lazo contends that the Commission erred in ruling that Viera Lazo's claims for his internal injuries to his right shoulder were barred by the statute of limitations.

## I. BACKGROUND

Viera Lazo began working for Wholesome Energy in November 2005. He was originally hired to assist the company's drivers, but his responsibilities grew to include recycling oil. On April 10, 2015, Viera Lazo started pumping and cleaning a tank with a hose. At some point in that process, the hose became disengaged and sprayed its contents on Viera Lazo, hitting him with "pressure . . . on the right side." Viera Lazo immediately sought medical attention. On April 15, 2015, Wholesome Energy filed a first report of injury ("FROI") with the Commission indicating that Viera Lazo had received second-degree burns to his right arm, his right shoulder, and the right side of his body down to his knees when a "line broke."

On July 17, 2015, Viera Lazo filed a claim for benefits with the Commission that requested lifetime medical benefits, compensation for time missed at work, and unpaid medical bills. Detailing the events that occurred on April 10, 2015, he wrote, "Recycling oil through hose when hose came loose and sprayed on entire right side of body." When describing the injured parts of his body, he wrote, "right shoulder, right arm, chest, torso, ribs, right side, right thigh, right knee, [and] headaches." On April 26, 2016, Viera Lazo requested a hearing "to address causal connection for the injury to his right shoulder and additional treatment for the right shoulder which includes a SLAP tear and partial thickness rotator cuff tear in relation to his injury of April 10, 2015." The Commission notified the parties of a scheduled hearing slated for

August 17, 2016, to address both the July 17, 2015 claim and the April 26, 2016 claim. The Commission subsequently rescheduled the hearing date to October 28, 2016.

On October 13, 2016, the Commission received an agreement to pay benefits form ("award agreement") signed by both Viera Lazo and Wholesome Energy. The award agreement provided an initial period of temporary total disability benefits at a rate of $562.26 per week beginning April 11, 2015, for "[m]ultiple 2nd degree burns to Right Upper Extremity, Right Trunk, and Right Thigh." The award agreement did not include a provision or language awarding any compensation for Viera Lazo's claim related to his internal right shoulder injury. The Commission also received a termination of wage loss award indicating that Viera Lazo returned to work on May 18, 2015. On October 13, 2016, the Commission subsequently ruled:

> IT APPEARING to the Commission that the parties have resolved the matters in controversy by Agreement to Pay Benefits and Termination of Wage Loss Award, which have been filed with the Commission, it is hereby ORDERED that this matter which is scheduled for a hearing in Harrisonburg, Virginia, on October 28, 2016, be canceled and the pending claims be removed from the hearing docket.

On November 2, 2016, the Commission incorporated the parties' award agreement into an award order that also awarded lifetime medical benefits for the injuries addressed in the award agreement. The award order also mandated that Viera Lazo's temporary total disability benefits ended on May 17, 2015, which was the day before Viera Lazo had returned to work. The November 2, 2016 award order further stated, "If any party wishes to dispute this award Order, a Request for Review (appeal) must be filed within 30 days of the date of this Order."

According to appellant's opening brief, Viera Lazo "filed no document of any kind from November 2, 2016, through April 10, 2017 (i.e., the two-year anniversary of his accident)" with the Commission. On November 21, 2018 – over two years after the Commission issued the award order and more than three and a half years after the accident – Viera Lazo's counsel sent

the Commission a letter stating that Viera Lazo had hired new counsel to address "a work related injury that occurred on 4/10/15" and requesting that "this claim be put in line for a hearing to address additional and continued medical treatment to his right shoulder." The Commission subsequently scheduled a hearing for this matter before a deputy commissioner on February 6, 2019, but it was later rescheduled for May 25, 2019. On February 6, 2019, Viera Lazo filed an additional claim seeking workers' compensation benefits for his right shoulder injury. In response, Wholesome Energy argued that Viera Lazo's claims were barred by the statute of limitations enacted by the General Assembly in Code § 65.2-601 – and alternatively by *res judicata* and collateral estoppel.[2]

Viera Lazo was deposed on May 17, 2019. At that deposition, Viera Lazo testified that he continues to receive medical treatment for his right shoulder. However, he also testified that he had returned to work with Wholesome Energy and currently does not have any physical restrictions related to the shoulder for employment purposes.

On July 22, 2019, following a hearing, the deputy commissioner denied Viera Lazo's "claim for a right-shoulder injury" based on collateral estoppel. The deputy commissioner subsequently denied Viera Lazo's motion to reconsider on August 7, 2019. Viera Lazo then filed an appeal with the full Commission.

The full Commission heard oral argument in this matter on January 27, 2020. On March 26, 2020, the full Commission upheld the ruling of the deputy commissioner. However, the full Commission found that collateral estoppel and *res judicata* did not apply to the right shoulder claims. Instead, the full Commission unanimously determined that Viera Lazo's right shoulder claims were barred by the statute of limitations. After reviewing the award agreement, the award

---

[2] Wholesome Energy's counsel stipulated both at proceedings below and on appeal to this Court that Viera Lazo "injured his right shoulder at the time of the original accident."

- 4 -

order, and correspondence contained in the record, the full Commission stated, "There is no language in the Award Agreement Form or the Order indicating the claimant specifically preserved his claim for a right shoulder injury. . . . [I]t was incumbent upon him to assert a new claim/refile a claim for a right shoulder injury within the statute of limitations set forth in Virginia Code § 65.2-601." (Citation and internal quotation marks omitted). The Commission found that "while the claimant was not precluded from re-filing a claim alleging a right shoulder injury within the two-year statutory period of Virginia Code §65.2-601, i.e., by April 10, 2017 . . . [Viera Lazo] did not file his claim for a right shoulder injury until November 21, 2018, beyond the two-year statutory period of Virginia Code §65.2-601." Accordingly, the full Commission concluded that Viera Lazo's right shoulder claims were barred by the statute of limitations.

The full Commission denied Viera Lazo's motion to reconsider and motion to vacate. Viera Lazo now appeals to this Court.

## II. ANALYSIS

Code § 65.2-601 states, "The right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." This Court has held, "Code § 65.2-601 is jurisdictional and failure to file within the allotted time bars the claim." Lynchburg Foundry Co. v. McDaniel, 22 Va. App. 307, 310 (1996). During this statutory time frame, "an employee must assert against his employer any claim that he might have for any injury growing out of the accident." Shawley v. Shea-Ball Const. Co., 216 Va. 442, 446 (1975). "Whether a claim is barred by the statute of limitations is a question of law. This Court 'review[s] questions of law *de novo*.'" Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284 (2005) (quoting Tomes v. James City (County of) Fire, 39 Va. App. 424, 430 (2002)). "[T]his Court is not 'bound by the legal determinations made by the commission.'" Id. (quoting

- 5 -

Grayson (County of) Sch. Bd. v. Cornett, 39 Va. App. 279, 281 (2002)). "Timely filing of an original claim is mandatory, and a claimant bears the burden of proving his claim is timely filed." Id.

In this case, Viera Lazo assigns error to three issues on appeal. In his first assignment of error, Viera Lazo argues that "[t]he Workers' Compensation Commission erred in finding that the effect of the November 2, 2016, award order, in view of the proceedings in advance of its entry, was the abandonment or dismissal without prejudice of all pending claims the order did not address." In his second assignment of error, Viera Lazo argues that "[t]he Workers' Compensation Commission erred in finding that the effect of the November 2, 2016, award order, in view of Mr. Viera Lazo's actions or lack of action in advance of its entry, was the abandonment or dismissal without prejudice of all pending claims the order did not address." Finally, Viera Lazo argues that "[t]he Workers' Compensation Commission erred in finding that the statute of limitations bars Mr. Viera Lazo's claim for the internal injuries to his right shoulder."

Viera Lazo is correct that the language of the award agreement and the award order did not expressly dismiss the July 17, 2015 and April 26, 2016 claims as they applied to his right shoulder. The award agreement contains no provision limiting the scope of potential future litigation regarding his right shoulder claims, and Wholesome Energy concedes that the award agreement does not contain language that abandons or dismisses the right shoulder claims. However, we agree with the full Commission that "it was incumbent upon [Viera Lazo] to assert a new claim/refile a claim for a right shoulder injury within the statute of limitations set forth in Virginia Code § 65.2-601." (citation and internal quotation marks omitted).

On October 13, 2016, the Commission ruled "that the parties have resolved the matters in controversy," canceled the scheduled hearing on the pending claims, and removed all of Viera

- 6 -

Lazo's pending claims from the docket. Then, in its November 2, 2016 award order, the Commission ordered, "If any party wishes to dispute this Award Order, a Request for Review (appeal) must be filed within 30 days of the date of this Order." Viera Lazo took no action to appeal the award order or to alert the Commission or Wholesome Energy that he still intended to pursue claims for additional compensation. This ruling made it clear to the parties that Viera Lazo's pending claims were no longer before the Commission. Therefore, Viera Lazo needed to provide notice to Wholesome Energy or the Commission that he intended to further pursue the right shoulder claims. See Keith v. Ball Metal Beverage Container Corp., 45 Va. App. 50, 53 (2005) (stating that the purpose of a statute of limitations "is to put the employer on notice of the injury sustained and its potential liability"). Wholesome Energy was initially put on notice for the July 2015 claim and the April 2016 claim at the time of the filing of those claims, but Viera Lazo failed to communicate his intention to litigate these claims for more than two years after signing the award agreement and after the Commission had removed the pending claims from the docket and then issued its November 2, 2016 award order. Viera Lazo needed to assert or refile the parts of the July 2015 and April 2016 claims that were not awarded in the Commission's award order, but he failed to refile those claims until November 21, 2018, and February 6, 2019 – well more than two years after the statute of limitations had run. Consequently, the November 2018 and February 2019 claims for his internal injuries to his right shoulder are barred by Code § 65.2-601.

This Court is also not persuaded by Viera Lazo's argument that the July 2015 claim and the April 2016 claim actually remain pending to this day – and could remain pending fifty years from now – still somehow tolling the statute of limitations despite their removal from the docket and the Commission's issuance of an award order. When asked at oral argument before this Court if these claims could be held in abeyance tolling the statute of limitations forever, Viera

- 7 -

Lazo's counsel stated that "there is no law that says a claim expires after a certain amount of time simply by operation of law." In fact, Viera Lazo's counsel contends that the part of these claims for which no award was given in the Commission's award order could indeed remain pending for many years – despite the Commission's removal of all pending claims from the Commission's docket and its November 2, 2016 award order.[3]

In looking at the General Assembly's intent for establishing a statute of limitations, the Supreme Court has ruled that the "failure to give such notice within [two years] from an accident would seriously handicap the employer and the carrier in determining whether or not there was in fact an injury, the nature and extent thereof, and if related to the accident."[4] Shawley, 216 Va. at 446. Similarly, allowing these claims to remain pending could seriously harm Wholesome Energy as it may be blindsided by potential litigation at any point in the future, even though it thought such a possibility had already been resolved under the statute of limitations due to the passage of time. Such a continuing, unpredictable risk over the years would undermine the purpose of the statute of limitations as enacted by the General Assembly and would effectively prevent finality. See Cochran Industries VA v. Meadows, 63 Va. App. 218, 224 (2014) (citing that the "statute of limitation provision is . . . designed to suppress . . . stale claims from being asserted after a great lapse of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of a defective memory, or the witnesses have died or disappeared"). For all these reasons, this Court affirms the ruling of the

[3] Viera Lazo also listed a right knee injury in his July 2015 claim. Viera Lazo's counsel contends that this claim could also be raised by Viera Lazo at any time in the future because he initially timely filed it, even though the knee injury also was not compensated in the Commission's November 2, 2016 award order and was also removed from the Commission's docket.

[4] Shawley was decided before the General Assembly extended this statute of limitations from twelve months to two years for work-related injuries for claims before the Commission.

Commission that the claim for compensation for Viera Lazo's right shoulder injury is now barred under Code § 65.2-601.[5]

## III. CONCLUSION

In short, we cannot say that the Commission erred in its unanimous ruling that Viera Lazo's right shoulder claims were barred by the statute of limitations under Code § 65.2-601. Viera Lazo timely filed two claims in July 2015 and April 2016 with the Commission regarding his right shoulder and other injured body parts. He signed an award agreement with Wholesome Energy in October 2016, and both parties agreed that he be compensated for the multiple second-degree burns he received to his right upper extremity, his right trunk, and his right thigh during the April 10, 2015 accident. As a result, in a November 2, 2016 award order, the Commission awarded Viera Lazo temporary total disability benefits for the time he missed from work and also lifetime medical benefits for those particular injuries. Determining "that the parties have resolved the matters in controversy," the Commission canceled a scheduled hearing and ordered that "the pending claims be removed from the hearing docket." This order removed the pending claims – all of them – from the docket.

Viera Lazo could have refiled his claim for his right shoulder injury (or any other injury) from the April 10, 2015 accident at any time before the two-year statute of limitations had run. Instead, Viera Lazo candidly admitted to not making any communications with the Commission or Wholesome Energy about his right shoulder claims until November 21, 2018 – well past April 10, 2017 and also more than two years after the Commission removed all pending claims from

---

[5] The award agreement includes an agreement to provide benefits related to second-degree burns to Viera Lazo's "right upper extremity." At oral argument, Viera Lazo's counsel did not argue to this Court that the provision of compensation related to second-degree burns to Viera Lazo's right upper extremity should be interpreted as including his right shoulder injury. In addition, Viera Lazo's briefs to this Court never raised that argument so we do not need to make that determination.

the Commission's docket and issued its November 2, 2016 award order. While he did not expressly abandon his opportunity to litigate his right shoulder claim in the award agreement, the agreement did not reserve that claim in any way for future adjudication so as to toll the statute of limitations. More importantly, Viera Lazo failed to file any further claim to pursue compensation for an injury to his right shoulder until well after the statute of limitations for this injury had expired. Therefore, under these circumstances, Wholesome Energy should not have expected any claim to be reasserted after the statutory deadline mandated by the General Assembly under Code § 65.2-601 had run because the time for filing a claim had expired.

As a result, the parts of Viera Lazo's initially timely filed claims from July 2015 and April 2016 that were not compensated in the November 2, 2016 award order are now barred by the statute of limitations under Code § 65.2-601 as they were not refiled until November 21, 2018, and February 6, 2019. Likewise, if the November 2018 and February 2019 claims are treated as completely new claims, they are similarly time barred by Code § 65.2-601, having been filed outside the two-year statute of limitations mandated by Code § 65.2-601. Consequently, for all of these reasons, we affirm the Commission's decision.

Affirmed.
