COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Ortiz and Chaney
Argued at Lexington, Virginia


JENNIFER JOHNSON, WIDOW OF
 DAVID JOHNSON
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0645-21-3                        JUDGE DANIEL E. ORTIZ
                                                      MARCH 8, 2022

GENERAL DYNAMICS CORPORATION AND
 NEW HAMPSHIRE INSURANCE COMPANY

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Mark T. Hurt (The Law Offices of Mark T. Hurt, on briefs), for
              appellant.

              Ramesh Murthy (Penn, Stuart & Eskridge, on brief), for appellees.


        The unfortunate circumstances presented in this case necessitate we evaluate and apply

Virginia's "identifiable incident" caselaw and the compensable consequence doctrine. Further,

they present an opportunity for this Court to consider the legal implications of using a single

claim form in the context of multiple alleged injuries by accident. Claimant Jennifer Johnson

("claimant") appeals a decision of the Workers' Compensation Commission ("the Commission")

denying her benefits after her husband David Johnson ("Johnson") suffered from sudden cardiac

arrest while he was exposed to radar waves at work and later died. We hold claimant failed to

establish Johnson suffered an identifiable compensable injury and cannot recover under the

Virginia Workers' Compensation Act ("the Act"). Additionally, we hold claimant cannot

recover under a negligent first-aid theory because this claim is either a compensable consequence

──────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

claim that fails when the initial claim is denied or a separate claim that is time-barred. Accordingly, we affirm the Commission's decision.

BACKGROUND

Johnson worked for General Dynamics ("employer") as an electronic technician for three weeks prior to his death on September 2, 2017. Almost two years later, Jennifer Johnson filed a workers' compensation claim alleging her husband died after an injury at work occurring on August 28, 2017. The claim form alleged, "During Radio Frequency Radiation testing, radar waves triggered arrythmia [sic], cardiac arrest and respiratory arrest that caused death." Claimant listed "[h]eart, [c]ardiovascular system, brain and body as a whole" as the parts of the body injured.

On December 11, 2020, an evidentiary hearing was held before Deputy Commissioner Wise ("the deputy commissioner"). The evidence presented at this hearing showed Johnson was a forty-three-year-old man. Claimant and Johnson's father testified Johnson was "healthy," never went to the doctor, and did not carry a lot of extra weight. However, claimant also testified Johnson smoked almost one half of a pack of cigarettes per day, had a "nightcap" one or two times per week, worked 5:00 a.m. to 5:00 p.m., and was recently tired all of the time, sleepwalking three to four times per week. Johnson's father also testified Johnson had a metal plate implant in his jaw due to an earlier car accident.

On the date of Johnson's injury, the co-worker with whom Johnson was working, Blake Thomas ("Thomas"), testified he and Johnson talked normally throughout the shift, and Johnson did not exhibit abnormal behavior. However, Thomas said he looked over near the end of the shift and saw Johnson bent over in his chair. Thomas stated he went to get help. Then, other co-workers began cardiopulmonary resuscitation ("CPR") on Johnson and a representative from human resources came to the testing site with a defibrillator around "five or six minutes" later.

Those attending to Johnson had to call "multiple times" to request a defibrillator. Paramedics then arrived and attended to Johnson. He was taken to the hospital where he was diagnosed with cardiac arrest and hypertension. The medical records also noted his tobacco use and mild obesity. Thereafter, cardiologists Dr. Nick G. Cavros and Dr. John B. Patterson treated Johnson. He died on September 2, 2017.

A majority of the hearing consisted of a battle between experts about whether there was a causative link between Johnson's cardiac arrest and the radar waves he was exposed to at work. Claimant's main expert, environmental toxicologist Dr. Magda Havas ("Dr. Havas"), testified that Johnson's cardiac arrest "was triggered by his exposure to radar in the test chamber." She admitted the levels of radiation exposure in the test chamber were within the Federal Communications Commission's ("FCC") guidelines but argued the exposure still harmed Johnson. Dr. Havas testified that Johnson's three weeks of radar exposure while at work, "for six to eight hours a day," exacerbated by the metal implant, likely made Johnson "electrically hypersensitive" and caused his cardiac problems.

In support of claimant's theory, Dr. Cavros opined there was more likely than not a causal connection between the radar waves and Johnson's cardiac issues. Additionally, Dr. Cavros stated that it was more likely than not that employer's delay in retrieving and using the defibrillator contributed to Johnson's death.

Employer's expert Dr. Stephen L. Bump, an industrial hygienist, rebutted Dr. Havas' conclusions and questioned the methodology of the experiments on which her conclusions were based. Dr. Bump noted that given the low radar exposure at the testing site, approximately 0.5% of the FCC's limit, there was "zero potential for an extreme exposure" and the dangerous effects Dr. Havas described.

Additionally, Dr. Foley, one of employer's medical experts, reviewed the record and determined that Johnson's "severe dilated cardiomyopathy" likely caused his cardiac arrest and Johnson most likely had "an underlying cardiac comorbidity" based on his hypertension, mild obesity, and smoking and alcohol history. Dr. Foley did not believe the evidence supported claimant's theory and questioned Dr. Havas' methodology and conclusions. Dr. Patterson reviewed the medical record and Dr. Foley's conclusions and agreed with Dr. Foley.

After this hearing, the deputy commissioner denied the claim in a February 16, 2021 opinion because claimant failed to prove by a preponderance of the evidence that Johnson's injury and death were caused by "an identifiable incident or sudden precipitating event." Without determining whether claimant had proved causation, the deputy commissioner found that Dr. Havas and Dr. Cavros relied on a theory that Johnson's three-week exposure to radiation caused his death and that this "period of exposure [was] not bound with sufficient rigid temporal precision to constitute an identifiable incident or sudden precipitating event." Additionally, the deputy commissioner determined claimant's negligent first-aid theory was a compensable consequence claim which failed when the initial claim was denied. Alternatively, if claimant argued this theory was a separate cause of action, the deputy commissioner stated the claim was barred by the statute of limitations because it was not timely filed.

Claimant then requested a review by the full Commission pursuant to Code § 65.2-705 and the Rules of the Virginia Workers' Compensation Commission ("Commission Rules"). Claimant argued that the deputy commissioner incorrectly focused on the three weeks of radar exposure rather than "the exposure that occurred at the moment of the onset of the arrest" in finding no identifiable incident. Upon review, in a May 26, 2021 opinion, the Commission affirmed the deputy commissioner's opinion denying benefits because the expert testimony supported the deputy commissioner's conclusion that Johnson's three-week exposure was the alleged identifiable incident

or event.  Further, the Commission agreed that claimant failed to prove that the exposure constituted

an identifiable incident.  The Commission also affirmed as to claimant's negligent first-aid theory

because it was a compensable consequence claim and alternatively, if a separate claim, not filed

within the statute of limitations.[1]

Pursuant to Code § 65.2-706, claimant now appeals to this Court.

ANALYSIS

A.  No Compensable Injury Existed.

Claimant argues the Commission erred in denying her benefits because Johnson suffered

a compensable injury by an identifiable incident or sudden precipitating event.  Claimant argues

the Commission erred in treating Johnson's three-week radar exposure as the possible

identifiable incident in its identifiable incident analysis.  Instead, claimant asserts the

Commission should have focused on the specific radar exposure that allegedly triggered

Johnson's cardiac event on August 28, 2017.  However, even if the Commission did not err in

treating the three-week exposure as the possible identifiable incident, claimant argues this

three-week exposure was an identifiable incident.

---

[1] The Commission stated:

> We find no error in these determinations.  The claimant
> filed a claim asserting that the injury by accident occurred when
> the "radar waves triggered arrythmia, cardiac arrest and respiratory
> arrest that caused death."  Hence, the allegation regarding the AED
> would have been properly considered as a compensable
> consequence of the underlying accident – such as if we had a
> scenario where an injured employee suffered a motor vehicle
> accident during transport to a hospital following the initial
> occupational injury.  Indeed, a claim could be filed alleging that
> negligent first aid attempts caused an injury by accident.  *See*
> *Combs v. Va. Elec. & Power Co.*, 259 Va. 503 (2000).  However,
> this is a separate cause of action and must be filed within two years
> of the date of the injury by accident in accordance with Virginia
> Code § 65.2-601.

To recover benefits under the Act, a claimant must prove, "by a preponderance of the evidence, (1) an '"injury by accident" or occupational disease, (2) arising out of, and (3) in the course of, the employment.'" *City of Charlottesville v. Sclafani*, 300 Va. 212, 221 (2021) (quoting *Morris v. Morris*, 238 Va. 578, 584 (1989)); Code § 65.2-101. On appellate review of a Commission decision, this Court views "the evidence in the light most favorable to the prevailing party below." *Falls Church Constr. Corp. v. Valle*, 21 Va. App. 351, 359 (1995). We review the record to "'determine whether credible evidence supports the [c]ommission's finding . . . and, if such evidence exists, [we] sustain the finding.'" *Hoffman v. Carter*, 50 Va. App. 199, 209 (2007) (quoting *Perry v. Delisle*, 46 Va. App. 57, 63-64 (2005) (*en banc*)). In determining whether credible evidence exists to support the Commission's decisions, "the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." *Valle*, 21 Va. App. at 359 (quoting *Wagner Enters. v. Brooks*, 12 Va. App. 890, 894 (1991)); *see Thompson v. Brenco, Inc.*, 38 Va. App. 617, 624 (2002) (refusing to reverse a denial of benefits on appeal when medical opinions conflicted because "the commission was free to decide which evidence was more credible and should be weighed more heavily").

The question of whether a claimant suffered an injury by accident is a mixed question of law and fact. *Goodyear Tire & Rubber Co. v. Harris*, 35 Va. App. 162, 167-68 (2001). In this analysis, we are bound by the Commission's factual findings as long as credible evidence supports them. *Id.* However, "whether those facts prove the claimant suffered an 'injury by accident' is a question of law." *Id.* at 168. Legal questions are reviewed *de novo*. *Rush v. Univ. of Va. Health Sys.*, 64 Va. App. 550, 555 (2015).

Here, claimant failed to carry her burden of proof in establishing an injury by accident arising out of and in the course of employment. At the hearing, the experts had different

opinions as to whether the exposure to radar triggered Johnson's cardiac event. First, even if the Commission found sufficient evidence of causation, it did not err in treating the multi-week exposure as the possible identifiable incident. Second, given this, the exposure fails as an identifiable incident as a matter of law. Therefore, the Commission did not err in finding no compensable injury.

1. The Commission Did Not Err in Treating Johnson's Three-week Exposure as the Possible Identifiable Incident.

The record is replete with credible evidence to support the Commission's factual finding that the three-week exposure was the possible identifiable incident. Under Virginia caselaw, this Court is "bound by the commission's factual findings supported by credible evidence, despite the fact that there may be evidence to support a contrary finding." *Hoffman*, 50 Va. App. at 209. Given the credible evidence here, the Commission did not err. For example, testimony established Johnson had been exposed to radar in the testing room while at work for three weeks. Claimant's own expert Dr. Havas testified at length about how this three-week exposure likely caused Johnson to become hypersensitive to electromagnetic frequencies and "led to his cardiac issues." Further, Dr. Cavros opined in a questionnaire that it was

> more likely than not that there was a causal connection between the radio frequency radiation (radar waves) to which Mr. Johnson was exposed during radome testing at work and the sudden cardiac arrest (SCA) that he suffered during the testing such that his exposure to that radiation likely contributed to precipitating the SCA.

Therefore, both of claimant's experts provided credible evidence to support a conclusion that the cumulative, three-week exposure was the possible identifiable incident.

But claimant argues it is "clear" the exposure that triggered the cardiac arrest, and thereby the possible identifiable incident, occurred on the day of Johnson's cardiac arrest. In support of this argument, claimant cites Dr. Havas's testimony that "Mr. Johnson's sudden

- 7 -

cardiac arrest was due to radar exposure he was experiencing at the time of the arrest." Claimant also parses the experts' language in arguing their testimony makes clear the relevant exposure is what occurred during the testing when Mr. Johnson suffered cardiac arrest. However, the testimony contained in the record as a whole does not compel this interpretation. Even if some of the experts' phrases can be interpreted to emphasize exposure on August 28, this does not negate the credible evidence focusing on the three weeks of exposure and its causal connection to Johnson's cardiac arrest. This Court will not reverse the Commission's finding that the three-week exposure was the possible identifiable incident because it was based on credible evidence, despite any evidence to the contrary.

2. Claimant Failed to Establish Johnson's Cardiac Event and Death Were Caused by an Identifiable Incident or Sudden Precipitating Event Because the Multi-week Exposure Lacked Sufficient Temporal Precision.

Claimant failed to establish an injury by accident because the alleged identifiable incident or sudden precipitating event was three weeks of exposure, not a particular event linked to Johnson's injury. Under Code §§ 65.2-300(A) and 65.2-101, a claimant can only recover for an "injury by accident." To prove "injury by accident," a claimant must prove "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." *Hoffman*, 50 Va. App. at 212 (quoting *Chesterfield Cnty./Fire Dep't v. Dunn*, 9 Va. App. 475, 476 (1990)).

While the facts establish Johnson's sudden cardiac arrest occurred at a reasonably definite time and resulted in an obvious mechanical or structural change in Johnson's body, the evidence fails to establish the three-week exposure was an identifiable incident that caused Johnson's cardiac arrest. To be an identifiable incident, the causative event must be "temporally fixed with reasonable accuracy." *Sclafani*, 300 Va. at 221. In *Morris*, the Supreme Court

- 8 -

rejected identifiable incident tests merely requiring a claimant show work activity taking place over a "reasonably discrete time frame." 238 Va. at 588 (rejecting the "three hour test" which would classify any injury from work-related stress which lasts under three hours an "injury by accident"). Instead, the Court made clear that the still-good "*Aistrop* rule" requires a claimant show not only a period of work activity but an injury by accident as a result of "some particular piece of work done or *condition encountered on a definite occasion*." *Morris*, 238 Va. at 586 (emphasis added) (quoting *Aistrop v. Blue Diamond Coal Co.*, 181 Va. 287, 293 (1943)). Additionally, the claimant must prove "that the *cause* of his injury was an *identifiable incident or sudden precipitating event*." *Id.* at 589. Therefore, "injuries resulting from repetitive trauma, continuing mental or physical stress, or other cumulative events, as well as injuries sustained at an unknown time, are not 'injuries by accident.'" *Id.*; *Hoffman*, 50 Va. App. at 213 (noting a gradually incurred injury is not an "injury by accident" under the Act).

Recent Virginia caselaw emphasizes the close connection between the elements of identifiable incident and causation in the "injury by accident" analysis. *See Sclafani*, 300 Va. at 221. In *City of Charlottesville v. Sclafani*, the Supreme Court explained that by rejecting the "three hour test," the Court "made it clear the proper focus was not on the specific time frame in which the accident occurred, but on the specific causative event that precipitated the accident because 'such events are inevitably "bounded with rigid temporal precision."'" *Id.* at 221-22 (quoting *Morris*, 238 Va. at 588-89). Through this explanation, the Court emphasized how the identifiable incident and causation elements are closely linked in the injury by accident analysis. In applying this law to Sclafani, whose injury occurred during a four-hour SWAT training session, the Court concluded, "Clearly, a claim asserting that an injury occurred during a time period where multiple potential causative events occur is not sufficiently temporally precise to

establish a compensable injury."[2] *Id.* at 222. Therefore, if a claimant merely alleges as the "identifiable incident" a specific time period in which multiple potential causative events occur, claimant has failed to establish the elements of identifiable incident and causation as a matter of law.

Here, the Commission found claimant's theory alleged the identifiable incident was Johnson's three-week exposure to radar waves during his work shifts.[3] Claimant relies on *Southern Express v. Green*, 257 Va. 181 (1999), to argue this multi-week exposure, as opposed to months or years, was sufficiently temporally precise to constitute an identifiable injury. In *Green*, the Supreme Court affirmed an award of benefits when an employee spent four hours in a freezer on a work shift and developed chilblains as a result. 257 Va. at 189. The claimant's employer argued the injury was cumulative and not "bounded by rigid precision." *Id.* However, the Court rejected this argument because the "chilblains resulted from a *single exposure* to cold temperature on a *definite occasion*" and "was not caused by repeated exposures over a period of months or years." *Id.* (emphasis added).

But in this case, claimant's alleged identifiable incident, the three weeks of exposure for six to eight hours per workday, is an example of repeated exposures over weeks, not a single, definite occasion of exposure as in *Green.* Additionally, viewing the evidence in the light most favorable to employer, other potential causative events occurred over this three-week period that could have caused Johnson's cardiac issues. For example, evidence was presented on factors unrelated to the radar exposure that may have affected Johnson's cardiac health during this same

---

[2] However, Sclafani was still awarded benefits because despite the four-hour period being insufficiently precise to establish a compensable injury, there was evidence the claimant suffered his injury during a specific training scenario. *Sclafani*, 300 Va. at 222-23.

[3] As described above, this Court is bound by the Commission's finding of fact that claimant's theory identified the three-week exposure as the possible identifiable incident.

- 10 -

time period, including Johnson's smoking and alcohol use, mild obesity, and constant fatigue. When claimant fails to distinguish Johnson's multi-week exposure from non-compensable exposures over months or years, she overlooks the connection between establishing an identifiable incident and isolating a causative event as spelled out in *Sclafani*.

Even if claimant proved by a preponderance of the evidence that three weeks of radar exposure caused Johnson's cardiac issues, claimant's theory illustrates cumulative exposure, not a specific accident. Claimant's alleged identifiable incident involves a series of exposures over three weeks, exacerbated by Johnson's metal implant, causing Johnson's electromagnetic hypersensitivity and culminating in Johnson's cardiac arrest. Under Virginia caselaw, claimant cannot recover for an injury caused by cumulative events. *Morris*, 238 Va. at 589. For the reasons articulated above, no compensable injury existed.

B. Claimant Cannot Recover Under the Negligent First-aid Theory.

Claimant also argues the Commission wrongfully dismissed her negligent first-aid theory of liability as a compensable consequence claim and improperly barred it based on the statute of limitations if it was a separate claim. Employer argues the Commission properly found that no compensable injury existed and that the negligent first-aid theory was time-barred.

Because we hold claimant cannot recover on the original claim, claimant cannot recover for a causally related new injury under the compensable consequence doctrine. If we interpret claimant's negligent first-aid theory as a new and separate injury by accident, that claim is time-barred because the injury by accident was not encompassed in the claim form, and claimant did not otherwise file within the applicable statute of limitations.

1.  Claimant Cannot Recover Under the Compensable Consequence Doctrine Because Claimant Cannot Recover on the Original Claim.

Under the Act, the compensable consequence doctrine protects an employee who suffers either a causally related progression, deterioration, or aggravation of an original compensable injury. *Berglund Chevrolet, Inc. v. Landrum*, 43 Va. App. 742, 750-54, 754 n.5 (2004) ("The simplest application of this principle is the rule that all the medical consequences and *sequelae* that flow from the primary injury are compensable." (quoting 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 10.01, at 10-3 (2003))); *Leonard v. Arnold*, 218 Va. 210, 214 (1977). Therefore, coverage will only extend to the primary injury's medical consequences or a casually related second injury when the original injury is compensable. *See Anderson v. Anderson*, 65 Va. App. 354, 366 (2015) (explaining how a compensable consequence "flows from the [initial, *compensable*] injury" (emphasis added) (quoting *Farmington Country Club, Inc. v. Marshall*, 47 Va. App. 15, 22 (2005))).

However, the compensable consequence doctrine does not relieve a claimant of the obligation to notify the Commission of its claim within the applicable statute of limitations. *Berglund*, 43 Va. App. at 753-54. "The timeliness of a compensable consequence claim depends on the type of injury suffered." *Id.* at 753. If the compensable consequence consists of medical consequences stemming from the original injury, a claimant must file a change-in-condition application. *Id.* at 754. If the compensable consequence is a causally related new injury, the claimant must file a new claim of benefits. *Id.*; *see Leonard*, 218 Va. at 214-15 (requiring a claimant who fell because of the crutches claimant needed due to the original, compensable injury to give notice of the new and separate causally related injury).

While the Commission's findings of fact bind us on appeal, whether these facts show a compensable consequence injury for which a claimant can recover is a question of law reviewed *de novo*. *See Merck & Co. v. Vincent*, 299 Va. __ (2021); *Philip Morris USA, Inc. v. Mease*, 62

- 12 -

Va. App. 190, 197-98 (2013).  Because the relationship between an original and subsequent injury is a question of fact, the Commission's findings bind us on appeal.  Here, the Commission found claimant's negligent first-aid theory could be "properly considered as a compensable consequence of the underlying accident" because the first-aid attempt stemmed from the original injury.  However, claimant cannot recover for this causally related second injury under the compensable consequence doctrine as a matter of law when compensability is denied on the original claim.  Because we affirm the Commission's denial of the original claim, we deny recovery for this causally related new injury under the compensable consequence doctrine.[4]

2.  Claimant Cannot Recover for a New and Separate Injury Because the Negligent First-aid Claim Is Time-Barred.

Alternatively, claimant argues the negligent first-aid theory constituted a new and separate injury.  *See Combs v. Va. Elec. & Power Co.*, 259 Va. 503, 508-09 (2000) (holding that negligent medical treatment at a workplace's first-aid facility may constitute an "injury by accident" under the Act).

Under Code § 65.2-601, a claimant must assert "'any claim that he might have for any injury growing out of the accident' within the two-year statute of limitations period."  *Mease*, 62 Va. App. at 198 (quoting *Shawley v. Shea-Ball Constr. Co.*, 216 Va. 442, 446 (1975)).  While "the question of '[w]hether a claim is barred by the statute of limitations is a question of law'"

---

[4] Even if the original claim were compensable, the compensable consequence claim would fail without proper filing.  Even though Johnson's alleged compensable consequence accident occurred minutes after the original accident and before claimant filed for the original accident, the two separate accidents cannot "be treated as if they occurred in the same accident for workers' compensation purposes."  *Merck*, 299 Va. at __.  While the compensable consequence doctrine may extend recovery to separate accidents, "[t]he two accidents are separate and distinct in reality."  *Id.* at __.  Therefore, claimant needed to properly file for this separate claim.  *Berglund*, 43 Va. App. at 753-54.

Because the original claim is not compensable, whether or not claimant properly filed as to the alleged compensable consequence is irrelevant.  However, if this separate accident is viewed independent of the compensable consequence doctrine as a new and separate claim, whether or not claimant properly filed is a critical determination.

- 13 -

reviewed *de novo*, "[w]hether the information filed with the commission is sufficient to constitute a timely filed claim for a *particular injury* is a question of fact [that] . . . will not be disturbed on appeal if supported by credible evidence." *Id.* (emphasis added) (first quoting *Tuck v. Goodyear Tire & Rubber Co.*, 47 Va. App. 276, 285 (2005); and then *Corp. Res. Mgmt. v. Southers*, 51 Va. App. 118, 127 (2008) (*en banc*)).

Commission Rule 1.1 provides guidance as to what an original claim for benefits "should set forth": employee and employer's names and addresses, the date of the accident, the nature of the injury, the benefits sought, and any periods of disability. Claimant is correct that a claim need not specify the mechanism of injury. *See* 16 VAC 30-50-20(1). Further, a claim need not contain all of Commission Rule 1.1's "should set forth" elements. *Massey Builders Supply Corp. v. Colgan*, 36 Va. App. 496, 504 (2001). Instead, a writing "is sufficient to constitute a claim if it 'identifies the employer, the date of the accident, the location of the accident, and the injuries suffered' and '"fairly apprises the commission that a claim [is] being made" on behalf of the employee.'" *Cochran Indus. VA v. Meadows*, 63 Va. App. 218, 225 (2014) (quoting *Cheski v. Arlington Cnty. Public Schs.*, 16 Va. App. 936, 938-39 (1993)).

Claimant argues her original claim form encompasses the negligent first-aid claim. The original claim form asserted Johnson's injury occurred when "radar waves triggered arrythmia [sic], cardiac arrest and respiratory arrest that caused death." Claimant listed "[h]eart, [c]ardiovascular system, brain and body as a whole" as the parts of the body injured. Claimant did not mention any injury or theory relating to negligent first aid.

Under claimant's negligent first-aid theory, employer's delay in using a defibrillator was a contributing cause of Johnson's death.[5] But claimant does not assert employer's negligent first

---

[5] To support this theory, claimant relies on Dr. Cavros's opinion that "it is . . . more likely that [sic] not that the 12-minute delay from the onset of his cardiac arrest in using the AED on

- 14 -

aid caused Johnson's cardiac arrest.  Rather, this theory of liability relies on Johnson having suffered a second injury—loss of chance of survival—from a new and separate accident—negligent first aid.  As stated, the original claim form did not mention loss of chance of survival or negligent first aid.  Therefore, the evidence supports the Commission's factual finding the claim form was insufficient to fairly apprise the Commission of a claim for this particular injury by accident.

Even if Johnson's alleged injury under the negligent first-aid theory is accurately described as injury to Johnson's heart, cardiovascular system, brain, and body as a whole, the claim form is still insufficient to encompass this separate injury by accident.  An essential component of a workers' compensation claim form is that it "fairly apprises" the Commission a claim is being made.  *Id.*  While a claimant need not include a mechanism of injury, how a claimant completes the "How Injury Occurred" section of the claim form may determine whether the Commission is fairly put on notice of a particular claim.[6]  In this section of the claim form, claimant only discussed radar exposure causing Johnson's cardiac arrest.  Claimant did not discuss any aspect of a separate injury by accident under a negligent first-aid theory.  Given the claim form, narrow to the radar injury by accident, the evidence supports the Commission's

_____

Mr. Johnson was a contributing cause to Mr. Johnson dying, rather than recovering, from the sudden cardiac arrest."

[6] The dissent asserts that whether non-required information in a claim form limits a claim for purposes of the statute of limitations is a question of law this Court reviews *de novo*, citing *Wainwright v. Newport News Shipbuilding & Dry Dock Co.*, 50 Va. App. 421, 430 (2007).  However, we find *Wainwright* aligns with other caselaw to hold these determinations are factual findings, which are binding on appeal if supported by credible evidence.  *Id.* at 431 ("Whether the information filed with the commission is sufficient to constitute a timely filed claim is a question of fact, and the commission's finding will not be disturbed on appeal if supported by credible evidence.").

- 15 -

factual finding it was not fairly apprised of a claim for a separate injury by accident under a negligent first-aid theory.[7]

Because a negligent first-aid theory alleges a separate injury by accident, claimant needed to submit a separate claim form within two years.[8]  Because claimant did not, this claim is appropriately time-barred.

CONCLUSION

For the foregoing reasons, we affirm the Commission's decision.

*Affirmed.*

---

[7] When the dissent makes its own determination that the claim form fairly apprised the Commission that a claim was made, it disregards the standard of review, giving no deference to the Commission's finding that the claim form was insufficient as to a separate, subsequent injury by accident.

[8] The dissent believes our holding burdensomely requires "a separate claim form for each theory of liability."  However, we only interpret the law to require a separate claim form for each separate claim, not each theory of liability.  Here, because claimant asserts two separate claims, independent of each other, two claim forms are required so each notices an employer "that a *claim*" is being made.  *See Meadows*, 63 Va. App. at 225 (emphasis added).

Chaney, J., dissenting.

I agree with the majority that the Virginia Workers' Compensation Act ("the Act") does not provide benefits where an employee suffers a sudden cardiac arrest from cumulative exposure to radar waves during three weeks of full-time radar testing for his employer. The majority correctly concludes that injuries caused by a three-week period of radiation exposure do not qualify as compensable "injuries by accident" under Virginia's binding caselaw construing the Act.

However, I disagree with the majority's conclusion that the statute of limitations bars Workers' Compensation benefits for alleged accidental injuries arising from the employer's delayed first aid. Therefore, I respectfully dissent from the majority's holdings that (i) there was no compensable injury in this case and (ii) compensation for injuries allegedly arising from employer's delayed first aid is time-barred under the statute of limitations. Thus, I would vacate the Commission's ruling that compensation for Johnson's alleged fatal first-aid injuries is time-barred under Code § 65.2-601, and I would remand this case to the full Commission for rehearing.

## I. Standard of Review

On appellate review of a decision by the Commission, this Court is "guided by the principle that the Workers' Compensation Act 'is highly remedial.'" *Cochran Indus. VA v. Meadows*, 63 Va. App. 218, 223 (2014) (quoting *Corporate Resource Mgmt., Inc. v. Southers*, 51 Va. App. 118, 126 (2008) (quoting *Henderson v. Cent. Tel. Co.*, 233 Va. 377, 382 (1987))). "[T]he fundamental purpose of the Act is to give compensation for accidental injuries resulting from the hazards of the employment." *Henderson*, 233 Va. at 382. This Court "construe[s] the Workers' Compensation Act liberally for the benefit of employees to effectuate its remedial purpose of making injured workers whole." *Intercept Youth Servs., Inc. v. Est. of Lopez*, 71

Va. App. 760, 767 (2020) (quoting *Advance Auto & Indem. Ins. Co. of N. Am. v. Craft*, 63 Va. App. 502, 514 (2014)).

"The [C]omission's construction of the [Workers' Compensation] Act is entitled to great weight on appeal." *Ceres Marine Terminals v. Armstrong*, 59 Va. App. 694, 702 (2012) (quoting *Fairfax Cty. Sch. Bd. v. Humphrey*, 41 Va. App. 147, 155 (2003)). This Court also accords great deference to the Commission's interpretation of its own rules. *Summit Pharmacy v. Costco Wholesale*, 73 Va. App. 96, 108 (2021). However, "when an issue involves a pure question of statutory interpretation, that issue does not invoke the [Commission]'s specialized competence but is a question of law to be decided by the courts." *Alliance to Save the Mattaponi v. Commonwealth*, 270 Va. 423, 442 (2005). *See Starbucks Coffee Co. v. Shy*, 61 Va. App. 229, 238 (2012) ("[T]he [C]ommission's legal determinations are not binding on appeal and will be reviewed *de novo*." (quoting *Wainwright v. Newport News Shipbuilding & Dry Dock Co.*, 50 Va. App. 421, 430 (2007))).

This Court defers to the Commission in its role as fact-finder. *See Yahner v. Fire-X Corp.*, 70 Va. App. 265, 273 (2019). Thus, we are bound by the Commission's factual findings as long as credible evidence supports them. *See Van Buren v. Augusta Cty.*, 66 Va. App. 441, 446 (2016). In addition, we view the evidence in the light most favorable to the prevailing party before the Commission. *See Paramont Coal Co. Va., LLC v. McCoy*, 69 Va. App. 343, 349-50 (2018).

Whether the statute of limitations bars a claim is a question of law that is reviewed *de novo*. *See Tuck v. Goodyear Tire & Rubber Co.*, 47 Va. App. 276, 284 (2005).

II.  Commission Rule 1.1 and Code § 65.2-601

Rule 1.1 of the Commission's Rules ("Commission Rule 1.1") states that "[a]n employee's original claim for benefits shall be filed within the applicable statutes of limitation." The applicable statute of limitations is Code § 65.2-601, which provides:

> The right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident.  Death benefits payable under this title shall be payable only if: (i) death results from the accident, (ii) a claim for benefits under this title has been filed within two years after the accident, and (iii) the claim for such death benefits is filed within two years from the date of death.

This statute is jurisdictional.  *Keith v. Ball Metal Beverage Container Corp.*, 45 Va. App. 50, 53 (2005).  Although Code § 65.2-601 requires that a claim be timely filed, it does not define the term "claim."

Commission Rule 1.1 directs Workers' Compensation claimants as follows:

> An original claim for benefits *shall* be in writing, signed and *should* set forth the following:  (1) Employee's name and address; (2) Employer's name and address; (3) Date of accident or date of communication of occupational disease; (4) Nature of injury or occupational disease; (5) Benefits sought: temporary total, temporary partial, permanent total, permanent partial or medical benefits; (6) Periods of disability, if appropriate.

(Emphasis added).  Commission Rule 1.1 does not define "claim."  By its plain terms, Commission Rule 1.1 directs claimants to identify "date of accident" and "nature of injury," but does *not* direct a claimant to identify any accident, i.e., the mechanism(s) or cause(s) of any alleged "injury by accident."

This Court has held that a document may qualify as a valid workers' compensation claim for purposes of Code § 65.2-601 even if it omits one or more of the items of information that Commission Rule 1.1 states a claim "should set forth."  *Massey Builders Supply Corp. v. Colgan*, 36 Va. App. 496, 504 (2001); *see also Meadows*, 63 Va. App. at 225 (affirming the

- 19 -

Commission's ruling that claimant's partially completed claim form stated a claim although it did not set forth the benefits sought as directed by Rule 1.1).

Because the term "claim" is not defined in Code § 65.2-601 or Commission Rule 1.1, Virginia courts have identified the requisite information to state a claim by considering the purpose of the requirement to file a claim. As the Virginia Supreme Court explained, the purpose of a claim is to invoke the jurisdiction of the Commission and to provide the "notice that sets in motion the machinery to determine whether or not an employee has in fact been injured, the nature of the injury, whether it arose out of and in the course of his employment, whether permanent or temporary, and whether compensable or not." *Trammel Crow Co. v. Redmond*, 12 Va. App. 610, 613-14 (1991) (quoting *Shawley v. Shea-Ball Construction Co.*, 216 Va. 442, 446 (1975)).

A filed claim form or document (or set of documents) invokes the Commission's jurisdiction and provides the requisite notice to constitute a workers' compensation claim if it "'identifies the employer, the date of the accident, the location of the accident, and the injuries suffered' and '"fairly apprises the commission that a claim [is] being made" on behalf of the employee.'"[9] *Meadows*, 63 Va. App. at 225 (quoting *Cheski v. Arlington Cnty. Pub. Schs.*, 16 Va. App. 936, 938 (1993) (quoting *Redmond*, 12 Va. App. at 612)). Whether a claim document includes this required information is a question of fact, and "the Commission's finding will not be disturbed on appeal if supported by credible evidence." *Southers*, 51 Va. App. at 127 (citing *Humphrey*, 41 Va. App. at 158 (finding that the claim document "contained the correct employer name and address, employee name and address, date of loss, nature of injury, benefits sought,

_____

[9] This Court held implicitly in *Cheski v. Arlington Cnty. Pub. Schs.*, 16 Va. App. 936 (1993), that the requisites for a Workers' Compensation claim need not be contained in the same document, as long as the documents, when construed together, satisfy the requirements set out in *Redmond*, 12 Va. App. at 612. *See Cheski*, 16 Va. App. at 938-39; *see also Colgan*, 36 Va. App. at 504.

and periods of disability[,] . . . support[ing] the [C]ommission's finding that the information provided was sufficient to constitute a timely filed Claim for Benefits.")).  Whether the inclusion of non-required information in a claim document limits the claim for purposes of Code § 65.2-601 is a question of law that this Court reviews *de novo*.  *See Wainwright*, 50 Va. App. at 430 ("[T]he [C]ommission's legal determinations are not binding on appeal and will be reviewed *de novo*.").

### III.  Analysis

#### A.  *Claimant's Claim for Benefits Form*

Claimant filed a claim form with the Commission on August 22, 2019, within two years after the August 28, 2017 accident, and within two years from the date of Johnson's death on September 2, 2017.  Thus, claimant timely filed the claim form in accordance with Code § 65.2-601.

Claimant's information was filed on a Commission-issued, preprinted, standardized claim form with designated spaces for answers to specific questions.[10]  Claimant identified "David Brian Johnson" as the injured worker and provided his address in Abingdon, Virginia.  Additionally, claimant filed Johnson's death certificate with the timely-filed claim form.  Claimant thereby invoked the jurisdiction of the Commission and fairly apprised the Commission that a Workers' Compensation claim was being made on behalf of Johnson.

Claimant's claim form properly included the requisite information to constitute a workers' compensation claim for purposes of the statute of limitations: (i) the identity of the employer; (ii) the date and location of the accident; and (iii) the injuries suffered.  *See Meadows*,

---

[10] The Commission's claim form included the name and official seal of the Virginia Workers' Compensation Commission at the top of the form.  However, neither the Act nor the Commission's rules require that a claim be filed on a Commission-issued form or any other form.  *See Humphrey*, 41 Va. App. at 156 (citing *Colgan,* 36 Va. App. at 503).

63 Va. App. at 225; *Cheski*, 16 Va. App. at 938; *Redmond,* 12 Va. App. at 612. Claimant identified the employer, "General Dynamics Ordnance & Tactical Sys.," and claimant provided the employer's address in Marion, Virginia. Claimant stated the date of injury as "8/28/2017," and identified the place of injury as "Smyth VA." Claimant identified the injuries suffered by stating that the "Parts of Body Injured" are "Heart, Cardiovascular system, brain and body as a whole." By requesting death benefits and attaching Johnson's death certificate, claimant informed the Commission that Johnson was deceased.

### B. *Claimant's Claim for Benefits for Accidental First-Aid Injuries*

Claimant sought death benefits and payment for medical expenses as compensation for Johnson's alleged accidental first-aid injuries from employer's delay in using a defibrillator in response to Johnson's sudden cardiac arrest. Dr. Nick Cavros, Johnson's treating cardiologist, opined that it is "more likely than not that, had one of the on-site Automated External Defibrillators ("AEDs") been properly used on Mr. Johnson within 5 minutes of the onset of his cardiac arrest, he would have survived." Dr. Cavros also opined that it is more likely than not that the twelve-minute delay in using the AED on Johnson was a contributing cause of Johnson's death.

Claimant's timely-filed claim form includes all the requisite information to constitute a claim for compensation for fatal accidental first-aid injuries. In addition to identifying Johnson as the deceased worker and General Dynamics as the employer, claimant's timely-filed claim identifies (i) the date on which Johnson was allegedly fatally injured by employer's delayed first aid: August 28, 2017; (ii) the location (city/county) where Johnson was allegedly injured by employer's delayed first aid: Smyth, Virginia; and (iii) the body parts that were allegedly injured by employer's delayed first aid: heart, brain, cardiovascular system, and body as a whole. This evidence does not support a factual finding that the information provided in claimant's claim

form did not encompass Johnson's accidental heart-brain injuries from employer's delayed first aid on August 28, 2017. The fact that claimant did not identify delayed first aid as a cause of injury on the claim form is not relevant in determining whether claimant's timely-filed claim form encompassed injuries from delayed first aid. As the majority acknowledges, a valid workers' compensation claim "need not specify the mechanism of injury." Thus, claimant was not required to identify any specific cause(s) of any alleged injury to satisfy the statute of limitations.

The Commission ruled, and the majority holds, that claimant's claim for compensation for fatal accidental first-aid injuries is time-barred—although claimant timely provided the Commission all the requisite information for such a claim under Code § 65.2-601. The basis of the Commission's ruling and the majority's holding is not claimant's failure to provide required information on the claim document, but rather claimant's provision of non-required details about the originating cause of Johnson's heart-brain injuries.

On the section of the claim form designated, "How Injury Occurred," claimant responded: "During Radio Frequency Radiation testing, radar waves triggered arrhythmia, cardiac arrest and respiratory arrest that caused death." The majority acknowledges that claimant was not required to explain how the injuries occurred to satisfy the statute of limitations, stating that "[c]laimant is correct that a claim need not specify the mechanism of injury." Yet, the majority holds that by including non-required information about the originating cause of Johnson's heart-brain injuries, claimant thereby excluded from the claim alleged same-day, accidental heart-brain injuries from employer's delayed first aid.

This Court has recognized that in some cases, "an employee seeks coverage for injuries that 'may have resulted from one of two causes' and only one of those causes is compensable under the Act[.]" *O'Donoghue v. United Cont'l Holdings, Inc.*, 70 Va. App. 95, 105-06 (2019).

- 23 -

Here, claimant contends that Johnson's heart-brain injuries were caused by his exposure to microwaves at work and that employer's delayed use of a defibrillator aggravated Johnson's heart-brain injuries, causing his death. If accidental heart-brain injuries from employer's delayed first aid arose out of and in the course of the employment and contributed to Johnson's death, then claimant would be entitled to death benefits under the Act even though the injuries from microwave exposure are non-compensable.

The Commission erred in concluding that compensation for alleged fatal accidental first-aid injuries is time-barred based on claimant's response to "How Injury Occurred" on the claim form. The Commission's finding that any alleged injury from radar waves was not an "injury by accident" necessarily implies that claimant did not identify any accident in response to "How Injury Occurred" on the claim form. According to the Commission's ruling, to the extent that radar waves caused Johnson's sudden cardiac arrest, exposure to radar waves was a non-accidental cause of Johnson's heart-brain injuries. Because Code § 65.2-601 does not require claimants to identify an accident to state a claim for Workers' Compensation benefits, claimant's inclusion of a statement about a non-accidental cause of injury has no effect on the claim's validity for statute of limitations purposes. Yet, rather than construing the claim by reading out the non-required reference to a non-accidental cause of injury, the Commission read the non-required reference as an exhaustive account of all possible causes of injury. The Commission's erroneous interpretation defeats the remedial purpose of the Act by excluding any other subsequently discovered accidental cause(s) of injury. Given that information about the cause(s) of injuries is not required in a claim for benefits, an accurate reading of claimant's response to "How Injury Occurred" recognizes it as an incomplete response that omitted the subsequently discovered accidental cause of death, i.e., employer's delayed use of a defibrillator.

The majority contends that "how a claimant completes the 'How Injury Occurred' section of the claim form may determine whether the Commission is fairly put on notice of a particular claim." Because claimant identified radar waves as a mechanism of Johnson's heart-brain injuries and did not identify employer's delayed first aid as a contributing cause of Johnson's death, the majority concludes that the Commission was "not fairly apprised of a claim for a separate injury by accident under a negligent first-aid theory."

The majority's interpretation of Code § 65.2-601 imposes additional notice requirements beyond what the legislature intended. The requisite notice is *not* notice of the nature of any accident nor notice of a theory of liability, but merely notice "'"*that a claim is being made" on behalf of the employee*.'"[11] *See Meadows*, 63 Va. App. at 225 (emphasis added) (quoting *Cheski*, 16 Va. App. at 938) (quoting *Redmond*, 12 Va. App. at 612).

It is unreasonable to require claimant to timely file a separate claim form to cover the alleged accidental heart-brain injuries arising from employer's delayed first aid. It would hinder a claimant's ability to seek and recover benefits if a claimant is required to identify and provide notice of every potential theory of causation or liability in her claim for benefits. To require the filing of a separate claim form for each theory of causation or liability would be an unnecessarily burdensome procedure and would result in denying benefits to eligible employees.

A simple hypothetical reveals the error in the reasoning and conclusions set forth in the majority's opinion. Suppose that claimant had filed a separate claim form virtually identical to the first, with the only exception being that the second claim form included no response to "How

---

[11] The notice requirement related to mechanisms of injuries is stated in Code § 65.2-600, notice of accident. Under Code § 65.2-600(E), "No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby and then only to such extent as the prejudice." As one would reasonably expect, employer had more information about employer's delay in providing first aid to Johnson than did claimant. The Commission granted claimant's motion to compel employer to provide details about the number of on-site AEDs and the timing of retrieving and using an AED on Johnson.

Injury Occurred." Because this second claim form would identify the injured worker, the employer, the date and location of the accident, and the body parts injured, it would include all the requisite information to constitute a claim under Code § 65.2-601. The information in the hypothetical second claim form would encompass fatal accidental heart-brain injuries from employer's delayed first aid in Smyth, Virginia on August 28, 2017. Yet this hypothetical second claim form would not provide the Commission with any additional information than was provided in the first claim form. This shows that the majority's construction of Code § 65.2-601 elevates form over substance and fails to liberally construe the Act to effectuate its remedial purpose of making injured workers whole.

## IV. Conclusion

The Commission erred in ruling that claimant's timely-filed claim for Workers' Compensation benefits excluded alleged heart-brain injuries from employer's delayed provision of first aid. The Commission's ruling is inconsistent with the applicable statutes and caselaw. The Commission failed to liberally construe the Act and the claim to achieve the Act's beneficent purpose to compensate employees for accidental at-work injuries.

Therefore, I would vacate the Commission's ruling that Code § 65.2-601 bars compensation for Johnson's alleged fatal accidental heart-brain injuries arising from employer's delayed first aid, and I would remand the case to the full Commission for proceedings consistent with this opinion.

For the foregoing reasons, I respectfully dissent.